```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
MARC A. PERGAMENT, Chapter 7
Trustee of the Estate of Joseph
Yerushalmi,                                    E.D. Bankr. Adv. Proc.
                                               No. 8-09-08003
               Plaintiff,

     -against-

MALKA YERUSHALMI and JOSEPH                    MEMORANDUM & ORDER
YERUSHALMI as Trustees for the                 09-MC-0671(JS)
September 7, 1995 Qualified
Personal Residence Trust,

               Defendants.
----------------------------------X
```

APPEARANCES:
For Plaintiff:     Marc A. Pergament, Esq.
                   Weinberg, Gross & Pergament, LLP
                   400 Garden City Plaza, Suite 403
                   Garden City, NY 11530

For Defendants:    Shannon Anne Scott, Esq.
                   Jaspan Schlesinger LLP
                   300 Garden City Plaza
                   Garden City, NY 11530

SEYBERT, District Judge:

 Marc A. Pergament (the "Trustee"), the Trustee of the Estate of Joseph Yerushalmi, brought an adversary proceeding against Defendants Joseph and Malka Yerushalmi ("Defendants"), the trustees of an irrevocable qualified personal residence trust (the "Trust") that the Defendants formed to provide for the long-term care of a child with a terminal illness. As is discussed below, United States Bankruptcy Judge Dorothy T. Eisenberg (the "Bankruptcy Court") granted the Trustee leave to

amend his Complaint over the Defendants' opposition. The Defendants now seek permission from this Court to file an interlocutory appeal of the Bankruptcy Court's decision. (Docket Entry 1.) Leave to file an interlocutory appeal is DENIED.

DISCUSSION[1]

Within their discretion, district courts are authorized to grant interlocutory appeals of bankruptcy court decisions. 28 U.S.C. § 158(a)(3). In exercising that discretion, district courts consider whether "(a) the order involves a controlling question of law; (b) there is a substantial ground for difference of opinion; and (c) an immediate appeal may materially advance the ultimate termination of the litigation." In re Fairfield Sentry Ltd. Litig., __ B.R. __, 2011 WL 4359937, at *2 (S.D.N.Y. Sept. 19, 2011). Whether an issue presents a "controlling question of law" depends largely on whether the issue is a purely legal one that can be determined "quickly and cleanly without having to study the record." Further, "[t]he question must also be 'controlling' in the sense that reversal of the bankruptcy court would terminate the action, or at a minimum that determination of the issue on appeal would materially affect the litigation's outcome." Id.

---

[1] The relevant facts are set forth in the Bankruptcy Court's September 14, 2009 Memorandum Decision and Order (Bankr. No. 8-09-08003, Entry 36 (the "Bankruptcy Order")).

2

(quoting In re Adelphia Commc'ns Corp., 333 B.R. 649, 658 (S.D.N.Y. 2005)). In general, interlocutory appeals are appropriate only in "exceptional circumstances." Id.

This case does not present the exceptional circumstances or controlling legal issues that would warrant an interlocutory appeal. As the Trustee points out, Defendants advance four issues that they believe are ripe for appeal: whether (1) the Trustee has standing; (2) there was an Accounting Judgment that could be enforced; (3) the Proposed Amended Complaint was barred by the statute of limitations; and (4) the Trustee acted in bad faith. (Trustee Opp. 11 (citing Defs. Br. 17-28).) The bad faith issue is too fact-specific to justify an interlocutory appeal, see generally In re Poseidon Pool & Spa Recreational, Inc., 443 B.R. 271, 276 (E.D.N.Y. 2010), and even if the Court were to reverse the Bankruptcy Court's ruling on the remaining three issues, the adversary proceeding would not be terminated. The Trustee's fraudulent conveyance causes of actions are not susceptible to Defendants' standing and statute of limitations defenses, and thus an interlocutory appeal would not materially advance the termination of this litigation.[2] Pereira v. Cogan, 265 B.R. 32,

---

[2] As the Trustee notes, Defendants' argument that the Trustee's fraudulent conveyance theory is precluded by the Pendente Lite orders is undercut by the fact that some of the allegedly fraudulent payments were made before the Pendente Lite orders

3

34 (S.D.N.Y. 2001) (noting that an interlocutory appeal is "inappropriate when the 'remaining claims in the lawsuit [are] closely related, and no appreciable savings in time would be realized by an appeal.'" (quoting Isra Fruit Ltd. v. Agrexco Agric. Export Co., 804 F.2d 24, 25-26 (2d Cir. 1986))).

## CONCLUSION

Based on the foregoing, Defendants' motion for leave to file an interlocutory appeal is DENIED. The Clerk of the Court is respectfully directed to close this case.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  15 , 2011
       Central Islip, New York

---

were issued. (Trustee Opp. 19.) Whether these earlier payments were fraudulent or not strays too far from the "quick and clean" legal issues interlocutory appeals are meant to address. See In re Poseidon Pool, 443 B.R. at 276.

4